ACCEPTED
03-15-00325-CV
8123327
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/7/2015 4:08:36 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00325-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/7/2015 4:08:36 PM
JEFFREY D. KYLE
Clerk

_____

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION**
*Appellant*,

**v.**

**JESSICA LUKEFAHR**
*Appellee*.

_____

On Appeal from the 345th Judicial District Court
of Travis County, Texas
Cause No. D-1-GN-14-002158
The Honorable Stephen Yelenosky Presiding

_____

### APPELLANT'S RESPONSE TO APPELLEE'S SUR-REPLY

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

**ORAL ARGUMENT REQUESTED**

KARA HOLSINGER
Assistant Attorney General
State Bar No. 24065444
OFFICE OF THE ATTORNEY GENERAL
OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 475-4203
Facsimile:   (512) 320-0167
kara.holsinger@texasattorneygeneral.gov

COUNSEL FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................ii

INDEX OF AUTHORITIES..........................................................................................iii

ARGUMENT AND AUTHORITIES..............................................................................2

I.      Ms. Lukefahr Failed to Provide Evidence-Based Medical Peer-Reviewed Literature in Support of the Exceptional Circumstances Request as Required by HHSC's Exceptional Circumstances Policy..................................................2

II.     There is no set Clinical Criteria for Exceptional Circumstances Review because these Requests are Considered on a Case-by-Case Basis....................3

III.    Requesting Prior Authorization of Alternative Durable Medical Equipment is not an Exceptional Circumstances Review Requirement..................................4

IV.     Ms. Lukefahr has a Medical Need to Stand, but she does not have a Medical Need for an Integrated Stander.........................................................................5

V.      HHSC's Denial Letter Provides the Legal Basis for the Denial as Required by Federal Medicaid Regulations .........................................................................6

PRAYER .......................................................................................................................7

CERTIFICATE OF COMPLIANCE.............................................................................8

CERTIFICATE OF SERVICE ......................................................................................9

# TABLE OF AUTHORITIES

**FEDERAL STATUTE**

42 C.F.R. § 431.210(c)...............................................................................................6

**RULES**

1 Tex. Admin. Code 354.1039(a)(4)(D) ........................................................... 2, 3, 5

No. 03-15-00325-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

_____

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION**
*Appellant*,

**v.**

**JESSICA LUKEFAHR**
*Appellee*.

_____

On Appeal from the 345th Judicial District Court
of Travis County, Texas
Cause No. D-1-GN-14-002158
The Honorable Stephen Yelenosky Presiding

_____

**APPELLANT'S RESPONSE TO APPELLEE'S SUR-REPLY**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Texas Health and Human Services Commission ("HHSC") and files this reply to Appellee's Sur-Reply. The matters raised in Appellee's Sur-Reply have largely been addressed in Appellant's Brief and Reply Brief. But Appellant files this response to Appellee's Sur-Reply to address factual and legal matters not addressed in previous briefing.

## ARGUMENT AND AUTHORITIES

**I.**      **Ms. Lukefahr Failed to Provide Evidence-Based Medical Peer-Reviewed Literature in Support of the Exceptional Circumstances Request as Required by HHSC's Exceptional Circumstances Policy.**

Appellee states that the exceptional circumstances rule does not require the submission of evidence-based medical peer-reviewed literature in support of an exceptional circumstances request, but omits the fact that the exceptional circumstances policy does so require. Sur-Reply at 5; *compare* 1 Tex. Admin. Code 354.1039(a)(4)(D) *with* Administrative Record (A.R.) 428-31 (2013 Texas Medicaid Program Policy Manual—Exceptional Circumstances Policy). As discussed extensively in Appellant's Brief, HHSC's exceptional circumstances policy sets out the documentation that must be provided in support of an exceptional circumstances request. Appellant's Br. 6-10, 14-25. Ms. Lukefahr complied with this policy and does not challenge the policy on appeal. A.R. 208-241; *see also* A.R. 71-115, 129-207. According to the exceptional circumstances policy, Ms. Lukefahr was required to submit "[a] minimum of two articles from evidence-based medical peer-reviewed literature that demonstrate validated, uncontested data for use of the requested equipment to treat the client's specific medical condition, and that the requested equipment has been found to be safe and effective." A.R. 429. Although Ms. Lukefahr submitted two articles, the articles

did not rise to the level of evidence-based medical peer-reviewed literature supporting medical necessity for the mobile stander, as discussed in Appellant's Brief. A.R. 147-61; Appellant's Br. 9-11. As such, Ms. Lukefahr failed to meet the requirements for an exceptional circumstances request, and HHSC's denial of the integrated stander should have been affirmed. A.R. 428-29.

## II. There is no set Clinical Criteria for Exceptional Circumstances Review because these Requests are Considered on a Case-by-Case Basis.

Appellee claims that HHSC witnesses could not identify criteria used to deny Ms. Lukefahr's exceptional circumstances request and could not name a medical purpose that could justify approval of an integrated stander. Sur-Reply at 9 n. 8. This is because each exceptional circumstances request must be considered on a case-by-case basis: "Medical equipment or appliances not listed in subparagraph (C) of this paragraph [related to covered appliances and equipment] may, in exceptional circumstances, be considered for payment when it can be medically substantiated as a part of the treatment plan that such service would serve a specific medical purpose on an *individual case basis*." 1 Tex. Admin. Code § 354.1039(a)(4)(D) (emphasis added). The exceptional circumstances policy further clarifies that enrollment criteria and adjudication guidelines to not apply to exceptional circumstances. A.R. 429-30. Thus, HHSC witnesses testified that there is no set clinical criteria for review of an exceptional circumstances request, as the

3

exceptional circumstances rule and policy requires that each request be considered on an individual case basis. Fair Hearing Audio Recording ("H.R.") 1:15.40, 1:20.50, 1:24, 2:49. As Ms. Lukefahr's request was considered based on her individual medical needs in compliance with law and policy, HHSC's decision should have been affirmed. A.R. 58-60 (Exceptional circumstances denial letter stating, in part: "After reviewing and studying the clinical points of your request and your special medical needs it was found you may have a medical need for a power wheelchair without a standing feature and a static standing system to meet both your medical and mobility needs.").

### III. Requesting Prior Authorization of Alternative Durable Medical Equipment is not an Exceptional Circumstances Review Requirement.

Appellee asserts that HHSC denied the exceptional circumstances request because Ms. Lukefahr did not submit a prior authorization request for a static stander, thereby creating a new requirement that alternative Durable Medical Equipment ("DME") be requested for prior authorization prior to submitting an exceptional circumstances request. Sur-Reply at 6. This claim is not supported by the record. Rather, the exceptional circumstances request was denied, in part, because Ms. Lukefahr failed to show that alternative DME had been tried or ruled out, and why, as required by the exceptional circumstances policy. A.R. 429 (Exceptional Circumstances request must include "[l]etters of Medical Necessity

4

(LOMN) from the client's clinical professionals documenting alternative measures and alternative DME that have been tried and that have failed to meet the client's medical need(s), or have been ruled out, and an explanation of why it failed or was ruled out."); Appellant's Br. 22-25. The evidence showed that Ms. Lukefahr did not have a static stander and that a static stander had never been prior authorized for her. A.R. 588 (Finding of Fact No. 5). This did not create a requirement that alternative DME must be requested for prior authorization prior to submitting an exceptional circumstances request, and no such requirement exists in law or policy. 1 Tex. Admin. Code § 354.1039(a)(4)(D); A.R. 429-30. Rather, it was evidence that alternative DME had not been tried or ruled out as required by the exceptional circumstances policy. A.R. 429-30.

### IV. Ms. Lukefahr has a Medical Need to Stand, but she does not have a Medical Need for an Integrated Stander.

Appellee conflates evidence regarding Ms. Lukefahr's need to stand with evidence regarding the need for an integrated stander. Sur-Reply at 10 n. 9. Ms. Lukefahr points out that Ms. Clayes, a nurse employed by HHSC, testified that Ms. Lukefahr has a medical need to stand, asserting that this disproves that the integrated stander was requested to help Ms. Lukefahr progress at work. *Id*. But Ms. Lukefahr ignores that Ms. Clayes further testified that no medical need for an *integrated stander* was expressed in the exceptional circumstances request. H.R.

5

1:28 ("All of that documentation justifies standing. None of that justifies why that stander needs to be part of a wheelchair. . . It looks like convenience."). As noted in the denial letter, the integrated stander was requested primarily to help Ms. Lukefahr progress at work, which is not a medical need. A.R. 59 ("The review of the papers sent in show the main reason for requesting a standing power wheelchair was to help you progress at work. The main reason was not for the treatment of your medical condition.); H.R. 1:27 (Ms. Clayes testifying that the integrated stander seemed to have been requested for work reasons, not due to medical need.). Instead, Ms. Lukefahr's medical need to stand may be met through use of a static stander, as discussed in Appellant's Brief. Appellant's Br. 18-21; Appellant's Reply Br. 8-13. Thus, the Court should disregard Ms. Lukefahr's attempts to conflate a medical need to stand with a medical need for an integrated stander.

## V. HHSC's Denial Letter Provides the Legal Basis for the Denial as Required by Federal Medicaid Regulations.

Finally, Ms. Lukefahr notes that that HHSC, in its Reply Brief, failed to cite to part of a Federal Medicaid regulation requiring that a denial letter provide the legal basis for the denial. Sur-Reply at 4 n. 3; 42 C.F.R. § 431.210(c) (the notice must contain "[t]he specific regulations that support, or the change in Federal or State law that requires, the action."). This is true, since the portion of HHSC's Reply

Brief cited by Ms. Lukefahr refers to the level of detail required in a denial letter, not the legal basis for the denial. *See* Reply Br. at 8 n. 2. Regardless, HHSC's denial letter provided the legal basis for denial in compliance with federal regulations, stating: "Because the standing feature on the power wheelchair would not serve a specific medical purpose for you, it could not be approved under the exceptional circumstances provision of 1 Texas Administrative Code § 354.1039(a)(4)(D) as requested by your provider." A.R. 59.

## PRAYER

HHSC asks this Court to reverse the district court's judgment because HHSC's order denying Ms. Lukefahr's request for a custom power wheelchair with an integrated stander is supported by substantial evidence and is not arbitrary and capricious or in violation of Ms. Lukefahr's due process rights.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

7

*/s/ Kara Holsinger*
KARA HOLSINGER
Assistant Attorney General
State Bar No. 24065444
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Facsimile: (512) 320-0167
kara.holsinger@texasattorneygeneral.gov

*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

In compliance with Travis County Local Rule 10.5 and relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this document is 1,854 including the portions that would otherwise be exempted by TRAP Rule 9.4(i)(1).

*/s/ Kara Holsinger*
KARA HOLSINGER

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Appellant's Response to Appellee's Sur-Reply was served via e-serve and e-mail on this the 7th day of December, 2015, to the following:

Maureen O'Connell
Texas Bar No.  00795949
Southern Disability Law Center
1307 Payne Avenue
Austin, Texas 78757
Telephone:  512-458-5800
Facsimile:  512-458-5850
moconnell458@gmail.com

*Attorney for Appellee*

/s/ Kara Holsinger
KARA HOLSINGER
Assistant Attorney General